THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In the Matter of the Complaint of Lance Stoughton, owner of S/V BAT OUT OF HELL, a 1997 Carroll Marine, Ltd. Model Mumm 30, U.S.C.G. No. 1070686 (USA55), for Exoneration from or Limitation of Liability. | CASE NO. C20-0725-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Lance Stoughton's motion for approval of security for a limitation fund (Dkt. No. 2), motion for an order enjoining claims related to his limitation action (Dkt. No. 5), and motion for issuance and publication of monition (Dkt. No. 6). On April 15, 2020, Plaintiff was served with a summons and complaint that sought damages arising out of a vessel collision that occurred on March 25, 2017, in Puget Sound and involved Plaintiff's vessel, the S/V BAT OUT OF HELL. (*See* Dkt. No. 1 at 3.) On May 13, 2020, Plaintiff filed a complaint for limitation of liability relating to the collision. (*See id.* at 5.) Plaintiff claims that his liability is limited because the collision occurred without his privity or knowledge. (*See id.*) (citing 46 U.S.C. § 3050(b)). Plaintiff now moves for an order approving security for a limitation fund, an order enjoining claims related to his limitation action, and a motion for issuance and publication of monition. (*See generally* Dkt. Nos. 2, 5, 6.)

The Limitation of Liability Act "permits a vessel owner to limit its liability to the value

of the vessel and its then pending freight, provided that the loss or damage is incurred without the 'privity or knowledge' of the owner." *In re Estate of Charles A. Muer*, 146 F.3d 410, 414 (6th Cir. 1998) (quoting 46 U.S.C. § 30505 (b)). After an owner has complied with the requirements of 46 U.S.C. § 30511(b) and Supplemental Admiralty and Maritime Claims Rule F(1), "[o]n application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Supp. Admir. R. F(3); *see also* 46 U.S.C. § 30511(c). In addition, "the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court." Supp. Admir. R. F(4). Therefore, the Court must determine if Plaintiff has complied with the requirements set forth in § 30511(b) and Supplemental Admiralty and Maritime Claims Rule F(1).

Section 30511(b) and Rule F(1) contain two requirements. First, a vessel owner must file a limitation action "within 6 months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30511(b); Supp. Admir. R. F(3). Second, the vessel owner must create a fund of money to benefit any potential claimants. 46 U.S.C. § 30511(b). The owner can create this fund by depositing "an amount equal to the value of the owner's interest in the vessel and pending freight, or approved security." Supp. Admir. R. F(1). In addition, the owner must "give security for costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security." *Id*. "The amount of security for costs . . . is five hundred dollars." W.D. Wash. Supp. Admir. R. 120(b). Security may be in the form of deposit cash, a bond, or a stipulation backed up by insurance. *See* 29 James W. Moore, Moore's Federal Practice § 708.01 (3d ed. 1997).

Here, Plaintiff filed his limitation action within 6 months after he received notice of a complaint arising out of the March 25, 2017 collision. (*See* Dkt. No. 1 at 3.) In addition, Plaintiff has filed a letter of indemnity issued by Geico Marine Insurance Company, guaranteeing

payment in favor of any claimant up to and not exceeding $66,020.00—an amount reflecting Plaintiff's vessel's value at the time of the collision plus $500 in costs and 6 percent interest on the vessel's value for two years. (Dkt. No. 2-1 at 1–2.) This letter serves as a valid security under § 30511(b) and Rule F(1). *See* Moore, *supra*, § 708.01. Therefore, Plaintiff has complied with the requirements of § 30511(b) and Rule F(1).

Accordingly, the Court hereby GRANTS Plaintiff's motion approving security for a limitation fund (Dkt. No. 2), motion for an order enjoining claims related to his limitation action (Dkt. No. 5), and motion for issuance and publication of monition (Dkt. No. 6). The Court further ORDERS as follows:

1. The Court APPROVES a limitation fund in the amount of $58,500. The Court also APPROVES the security for the limitation fund issued by Geico in the amount of $66,011.14.
2. Pursuant to Supplemental Admiralty and Maritime Claims Rule F(3), the Court ENJOINS further prosecution of any claim, action, or proceeding against Plaintiff or Plaintiff's property relating to the March 25, 2017 collision.
3. Plaintiff must publish notice of monition, attached to this order as Exhibit A, in *The Seattle Times* once per week for four successive weeks. Plaintiff must publish the first notice by June 1, 2020. The notice must direct all persons with claims against Plaintiff or Plaintiff's property relating to the March 25, 2017 collision to appear before the Court and make proof of their respective claims within 30 days after Plaintiff last publishes the notice or by August 15, 2020, whichever occurs later.
4. By the date Plaintiff publishes the second notice, Plaintiff must mail a copy of the monition to every person known to have made any claim against Plaintiff or Plaintiff's property arising out of the March 25, 2017 collision.

//

//

1 | DATED this 20th day of May 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

NOTICE IS HEREBY GIVEN, pursuant to 46 U.S.C. § 30505 and Federal Rule of Civil Procedure Supplemental Rule F, that Lance Staughton, owner of S/V BAT OUT OF HELL, a 1997 Carroll Marine, Ltd. Model Mumm 30, U.S.C.G. No. 1070686 (USA55), seeks exoneration from or limitation of liability relating to a marine incident involving a collision between the S/V BALANCE and S/V BAT OUT OF HELL that occurred on March 25, 2017, during the Three Tree Point Race in the Puget Sound, Washington.

Any person asserting claims with respect to which the above-identified vessel owner seeks exoneration or limitation must file their respective claims, under Cause No. 20-0725-JCC, with the Clerk of the Court for the United States District Court for the Western District of Washington, 700 Stewart Street, Seattle, Washington 98101, within 30 days after this notice is last published in *The Seattle Times* or by August 15, 2020, whichever occurs later. Any claimant must also serve a copy of the claim on attorney Anthony J. Gaspich of Gaspich Law Office PLLC, 8094 Barthrop Pl NE, Bainbridge Island, WA 98110. The claim must identify the name and address of the claimant, the facts on which the claimant relies in support of the claim, the date on which the claim accrued, and the nature of the claimant's injury or damage. In addition, if the claimant contests the right of Lance Staughton to exoneration from or limitation of liability, such claimant shall either (1) include such challenge in the claim or (2) file and serve an answer to the particular complaint. The Court also has STAYED AND ENJOINED prosecution of any other action or proceeding against Lance Staughton or his property with respect to any claim subject to Limitation in this action.

This notice has been APPROVED for publication and mailing pursuant to Supplemental Rule F(4) of the Federal Rules of Civil Procedure.