UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In the Matter of the Complaint of Lance Staughton, owner of S/V BAT OUT OF HELL, a 1997 Carroll Marine, Ltd. Model Mumm 30, U.S.C.G. No. 1070686 (USA55), for Exoneration from or Limitation of Liability. | CASE NO. C20-0725-JCC<br><br>ORDER |

This matter comes before the Court on Claimant Matthew Walker's motion to dismiss. (Dkt. No. 11.) Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

I.    BACKGROUND

On March 25, 2017, BAT OUT OF HELL ("BOOH"), a boat owned by Plaintiff Lance Staughton, collided with BALANCE, a boat owned by Lee Skene, during the Three Tree Point sailboat race. (Dkt. No. 19 at 2.) Claimant Matthew Walker, a crew member on BOOH, was injured in the collision. *Id*. Following the collision, Mr. Staughton filed a written protest (Dkt. No. 19-3) with the Protest Committee, which is a private adjudication committee that determines whether participants in the race violated sailing rules. (*See* Dkt. No. 19 at 3–4.) After examining the circumstances of the incident, the Protest Committee determined that BALANCE caused the accident and that BOOH and Mr. Staughton were not at fault. (Dkt. No. 19-3 at 2.) This decision

1     was affirmed by the Appeals Committee. (Dkt. No. 19-4 at 2–3.)

2          In May 2017, Mr. Staughton informed his insurer, Geico Marine, of the collision and Mr.

3     Walker's injury. (Dkt. No. 20 at 1.) Mr. Staughton's policy included Med Pay, which provides a

4     payment of up to $5,000 for medical expenses resulting from an injury to any person aboard the

5     boat. *Id*. at 2. In March 2018, Mr. Walker's attorney, Olga Blotnis, sent a letter to Valerie Bell, a

6     Geico Marine claims adjuster, stating that she represented Mr. Walker in connection with his

7     injury and requested payment of the Med Pay benefits owed under Mr. Staughton's policy. (Dkt.

8     No. 20-5 at 1.) In the letter, she wrote that "[we] intend to pursue the full claim for our client

9     against the tortfeasor/s." *Id*. Ms. Blotnis provided Mr. Walker's medical records and hospital

10    bills, which totaled $9,441.79. (Dkt. No. 20-8 at 1.) In November 2018, Ms. Bell sent Ms.

11    Blotnis a check for $5,000 in Med Pay benefits. (Dkt. No. 20-10 at 2.) In December 2018, Ms.

12    Bell e-mailed Ms. Blotnis, requesting Mr. Skene's insurance information so Geico Marine could

13    assert its subrogation rights. (Dkt. No. 20-11 at 1.) Shortly after, Ms. Blotnis provided the

14    information and stated in her e-mail "please note that they are not accepting responsibility and

15    believe that Mr. Staughton is the liable party." *Id*. This was the sum total of the relevant written

16    communications between representatives for Mr. Walker and Mr. Staughton.

17        Then, in March 2020, Mr. Walker filed a personal injury lawsuit against Mr. Skene and

18    Mr. Staughton in King County Superior Court relating to his injuries from the collision. (Dkt.

19    No. 20-16.) In May 2020, Mr. Staughton filed this action seeking limitation of, or exoneration

20    from, liability under the Limitation of Vessel Owner's Liability Act, 46 U.S.C. § 30501 *et seq*.

21    (Dkt. No. 1.) Mr. Walker now moves to dismiss, arguing that Mr. Staughton failed to file the

22    action within the six-month statute of limitations. (Dkt. No. 11. at 4–5.)

23   **II.**      **DISCUSSION**

24        **A.**      **Legal Standard**

25        The Limitation of Liability Act provides that "[t]he owner of a vessel may bring a civil

26    action in a district court of the United States for limitation of liability under this chapter . . .

within 6 months after a claimant gives the owner written notice of a claim." 46 U.S.C.

§ 30511(a). The Courts of Appeals are split on whether § 30511(a)'s six-month time bar is a

jurisdictional limitation. The Fifth and Sixth Circuits have decided that it is. *See In re Eckstein*

*Marine Serv.*, 672 F.3d 310, 315 (5th Cir. 2012); *Cincinnati Gas & Elec. Co. v. Abel*, 533 F.2d

1001, 1003 (6th Cir. 1976). The Eleventh Circuit has held that it is not. *Orion Marine Const.,*

*Inc. v. Carroll*, 918 F.3d 1323, 1329 (11th Cir. 2019). Under the Eleventh Circuit's approach, a

Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction

should instead be considered a Rule 12(b)(6) motion to dismiss for failure to state a claim, which

can be converted into a motion for summary judgement if the parties provide evidence outside of

the pleadings. *Id*. The Ninth Circuit has not yet addressed the issue.

Mr. Walker argues that his motion should be considered under Rule 12(b)(1) because the

statute's time bar is a jurisdictional limitation. A motion to dismiss under Rule 12(b)(1) may be

"facial," in which the challenger accepts the facts alleged in the complaint as true but asserts that

they do not show the Court has jurisdiction, or "factual," in which the challenger disputes the

factual allegations purporting to demonstrate federal jurisdiction. *See Leite v. Crane Co.*, 749

F.3d 1117, 1121–22 (9th Cir. 2014). Mr. Walker's motion, if viewed under Rule 12(b)(1), asserts

a factual attack because he presents extrinsic evidence challenging the facts that are the basis for

subject matter jurisdiction. When presented with a factual attack, the party asserting federal

jurisdiction "must support [its] jurisdictional allegations with competent proof under the same

evidentiary standard that governs the summary judgment context." *Id.* (internal citations and

quotation marks omitted). Accordingly, under this standard, Mr. Staughton has the burden of

establishing jurisdiction.

Mr. Staughton argues that the Court should adopt the Eleventh Circuit's approach and

consider the motion under Rule 56 as a motion for summary judgment. (Dkt. No. 11 at 9–10.)

"[A] party seeking summary judgment . . . bears the initial responsibility of informing the district

court of the basis for its motion, and identifying those portions of [the record] which it believes

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986). Once the moving party meets its burden, the nonmoving party must "show[]

that the materials cited do not establish the absence . . . of a genuine dispute" or "cit[e] to

particular parts of . . . the record" that show there is a genuine dispute. Fed. R. Civ. P. 56(c).

When analyzing whether there is a genuine dispute of material fact, the "court must view the

evidence 'in the light most favorable to the opposing party.'" *Tolan v. Cotton*, 572 U.S. 650, 657

(2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). As the movant, Mr.

Walker would bear a greater burden under the summary judgement standard than under the Rule

12(b)(1) standard.

The Court does not need to determine whether a plaintiff's failure to file within the

statute of limitation deprives the Court of jurisdiction because Mr. Walker's motion fails even

when reviewed under Rule 12(b)(1), which is the standard most favorable to him. Accordingly,

the Court assumes without deciding that Mr. Walker's motion is a Rule 12(b)(1) motion.

### B.      Claimant's Rule 12(b)(1) Motion to Dismiss

The Limitation of Liability Act allows a vessel owner to limit his or her liability arising

out of the operation of the owner's vessel to the value of the vessel. However, under 46 U.S.C.

§ 30511(a) and Supplemental Admiralty Rule F, a vessel owner may bring a claim for limitation

of liability or exoneration only if it is filed within six months of a claimant giving the owner

written notice of a claim. Mr. Walker argues that his attorney's correspondence with Mr.

Staughton's insurer in 2018 provided sufficient written notice under § 30511(a), starting the six-

month statute of limitations. (Dkt. No. 11 at 7.) He argues that the limitation of liability action is

untimely and should be dismissed. *Id*. Mr. Staughton argues that his filing was timely because he

did not have notice until April 2020, when he was served in the personal injury lawsuit. (Dkt.

No. 18 at 8.)

Neither the Limitation of Liability Act nor the Supplemental Admiralty Rule define what

constitutes "written notice of a claim." 46 U.S.C. § 35011(a); Supp. Admiralty R. F(1). Courts

ORDER
C20-0725-JCC
PAGE - 4

have developed two similar tests to determine whether a claimant's written notice is sufficient. The first test has been adopted by the Second, Fifth, Seventh, and Eleventh Circuits while numerous district courts have used the second test. The Ninth Circuit has not yet addressed the issue. As described below, the Court need not resolve the split because Mr. Walker did not provide sufficient written notice under *either* test.

1.     <u>Sufficient Notice Under the Reasonable Possibility Test</u>

Under the first test, a claimant provides sufficient notice if he or she "informs the vessel owner of an actual or potential claim . . . which may exceed the value of the vessel . . . and is subject to limitation." *Doxsee Sea Clam Co. v. Brown*, 13 F.3d 550, 554 (2d Cir. 1994). "[T]he written notice of a claim must reveal a 'reasonable possibility' that the claim made is one subject to limitation." *In re McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821, 829 (7th Cir. 1996) (citing *In re Tom-Mac*, 76 F.3d 678, 683 (5th Cir. 1996)). If the claimant sends multiple letter, courts applying the first test "consider whether the entire series of letters satisfies the 'reasonable possibility' requirement." *In re RLB Cont. Inc.*, 773 F.3d 596, 604 (5th Cir. 2014). Courts do not require "exacting specificity in a notice of a claim" but employ "a broad and flexible standard of review–reading letters of notice in their entirety and considering their 'whole tenor.'" *Doxsee*, 13 F.3d at 554 (quoting *In re Allen N. Spooner & Sons, Inc.*, 253 F.2d 584, 586 (2d Cir. 1958)).

Mr. Walker argues that his attorney's communications provided notice of a "reasonable possibility" of a claim against Mr. Staughton, specifically (1) her letter stating that Mr. Walker would pursue "the full claim" against "the tortfeasor/s"; (2) her statement that "[a]t this time, we are not presenting a bodily injury claim to Mr. Staughton's policy"; and (3) her e-mail claiming Mr. Skene's insurance provider denied responsibility. (Dkt. No. 11 at 7–8.)

Mr. Walker's argument is unpersuasive. At the time, the subject of the communications was solely payment of the $5,000 Med Pay benefit owed by Geico Marine. Med Pay benefits are not claims that are subject to limitation because they are owed by the insurance provider directly to the claimant, *irrespective of fault*. (Dkt. No. 20 at 2.) Courts have held that communications

regarding such claims do not provide sufficient notice under the first test and do not start the statute of limitations. *See, e.g.*, *In re Franz*, 7 F. Supp. 3d 238, 241 (N.D.N.Y. 2014) (documents relating to workers' compensation claims do not start the running of the six-month period because workers' compensation claims are not subject to limitation); *Petition of Am. M.A.R.C.*, 224 F. Supp. 573, 576 (S.D. Cal. 1963) (claim for death and burial benefits after an accident does not provide written notice of a claim because it is not a claim subject to limitation); *Petition of Spearin, Preston & Burrows, Inc.*, 190 F.2d 684, 686 (2d. Cir. 1951) (letter requesting payment of "expenses" relating to an accident does not start the running of the six-month period because it refers to a compensation claim not subject to limitation).

In *McCarthy*, for example, the claimant, who had an ongoing workers' compensation claim relating to his injuries, sent a letter to the plaintiff stating that he believed the plaintiff was responsible, revoking any medical authorizations, and requesting the letter be forwarded to the plaintiff's insurance carriers. 83 F.3d at 825. The court held that the letter was not adequate notice since the plaintiff could have reasonably construed the letter to be related to the workers' compensation claim rather than a future claim for damages. *Id*. at 829.

Similar to *McCarthy*, the statements that Ms. Blotnis made to Ms. Bell could be "reasonably construed" to pertain to Mr. Walker's ongoing Med Pay benefit claim rather than a future claim for damages. "A vessel owner is not required to infer that someone may bring a claim; a claimant must make his intentions clear to trigger the six month statute of limitations." *In re Okeanos Ocean Rsch. Found.,* 704 F. Supp. 412, 417 (S.D.N.Y. 1989). The "reasonable possibility" notice requirement does not allow claimants to send vague letters and then wait six months to sue to eliminate a vessel owner's ability to exercise their limitation right. *See In re UFO Chuting of Haw. Inc.*, 233 F. Supp. 2d 1254, 1257 (D. Haw. 2001) (notice requirements are necessary to avoid placing an unnecessary burden on the owners and courts by forcing the filing of an action to limit liability and the posting of a security whenever an injury occurs); *McCarthy,* 83 F.3d at 829–30 ("the real danger in failing to hold claimants to a fairly high level of

specificity in letters is that the claimant may nullify a shipowner's right to file a limitation action by sending a cryptic letter and then waiting more than six months to file a complaint.").

Since the communications in question concerned the payment of Med Pay benefits, they lacked the necessary degree of specificity to provide adequate notice of a potential claim against Mr. Staughton outside of those benefits. Mr. Walker argues that his attorney's statement that she "intend[ed] to pursue the full claim for [her] client against the tortfeasor/s," gave notice that a personal injury claim might be made against Mr. Staughton. (Dkt. No. 11 at 7.) However, when evaluating the "full tenor" of the letter, it is evident that Ms. Blotnis was focused on obtaining the Med Pay benefits owed to her client, not asserting a personal injury claim against Mr. Staughton. In the same letter, Ms. Blotnis states that "medical payment coverage available under this policy would be primary to cover medical expenses he incurred" and requests that Mr. Staughton's insurance provider send her a copy of the policy. (Dkt. No. 13 at 15.) Additionally, the Protest Committee judgment, which determined Mr. Staughton was not responsible for the accident, makes it even less reasonable to interpret the statement as notice of a possible claim against him.

Next, Mr. Walker argues that his attorney's statement that "at this time, we are not presenting a bodily injury claim to Mr. Staughton's policy" provided notice that Mr. Staughton could be subject to a claim at a later date. (Dkt. No. 11 at 7.) But Ms. Blotnis made this statement in a letter where she argued that Mr. Walker should not have to recover from a third party before receiving the Med Pay benefits. In that context, the statement only supports the notion that Mr. Walker was focused on obtaining the benefits owed to him by Geico Marine and that he did not intend to pursue a claim against a third party or Mr. Staughton.

Finally, Mr. Walker argues that Mr. Staughton should have been aware of a potential claim against him when he was notified that Mr. Skene's insurer was denying responsibility for the incident. However, Ms. Blotnis sent this e-mail to Geico Marine to help it assert its subrogation rights against Mr. Skene's insurer regarding the Med Pay benefit. (Dkt. No. 20-11 at

1.) The e-mail did not mention or allude to the possibility that Mr. Walker would assert a personal injury claim against either party. (*See generally id.*)

Since the communications concerned a claim not subject to limitation and the statements Mr. Walker provided were vague, he did not provide sufficient notice of a possible claim against Mr. Staughton. Accordingly, the Court does not need to consider whether there was a reasonable possibility that Mr. Walker's claim would exceed the cost of the vessel and FINDS that Mr. Walker did not provide sufficient written notice under the first test.

### 2. Sufficient Notice Under the Demand Test

A claimant provides sufficient notice under the second test when his or her communication (1) demands a right or supposed right; (2) blames the vessel owner for any damage or loss; and (3) calls upon the vessel owner for anything due to the claimant. *Rodriguez Moriera v. Lemay*, 659 F. Supp. 89, 91 (S.D. Fla. 1987). Written notice must inform the owner both of the "details of the incident" and "that the owner appeared to be responsible for the damage in question." *See In re Okeanos*, 704 F. Supp. at 415. Mr. Walker argues that he provided sufficient notice under the second test because his communications (1) identified his injuries, potential treatments, and the ship; (2) notified Mr. Staughton's insurer that he intends to bring a "full claim" against all "tortfeasor/s"; and (3) notified Mr. Staughton's insurer that Mr. Skene blames Mr. Staughton. (Dkt. No. 23 at 8.)

Mr. Staughton argues that Mr. Walker fails the second element because Mr. Walker does not state in any of his communications that Mr. Staughton is responsible for his injuries. (Dkt. No. 18 at 8.) The Court agrees. For a notice to satisfy the second element, it must "make it clear that the claimant intends to seek damages from" the plaintiff. *In re Vulcan Constr. Materials*, 427 F. Supp. 3d 694, 701 (E.D. Va. 2019) (quoting *In re Okeanos*, 704 F. Supp. at 416–17); *see also Petition of J.E. Brenneman Co.* 157 F. Supp. 295, 297 (E.D. Pa. 1957) (document sent to ship owner identifying damages is not sufficient notice); *In re Granite-Archer Western*, 2008 WL 4166214, slip op. at 4 (S.D. Tex. 2008) (letter held not to be sufficient notice when it

requested an inspection of the plaintiff's property and stated that the claimant "may have a claim" against the plaintiff or "any third parties who may have been negligent in causing his injuries" but did not specify details of the incident or state an intention to seek damages from the petitioners). In one case, for example, the court held that a letter stating that damage "could result in legal action" did not provide sufficient notice because it did not state that the legal action would be against the plaintiff or state an opinion that the plaintiff caused the damages. *In re Loyd W. Richardson Const. Co.*, 850 F. Supp. 555, 557 (S.D. Tex. 1993).

Mr. Walker argues Ms. Blotnis's statement that she "intend[s] to pursue the full claim for [her] client against the tortfeasor/s" is sufficient evidence that he blamed Mr. Staughton. (Dkt. No. 23 at 8.) However, like the letter in *Richardson*, Ms. Blotnis's letter does not say that Mr. Staughton is one of "the tortfeasor/s" or that Mr. Walker believes Mr. Staughton is responsible for his injuries. (Dkt. No. 20-5 at 1.) It would have been impossible to determine who Mr. Walker believed was responsible for his injuries because Ms. Blotnis did not describe the collision or specifically state how Mr. Walker was hurt. Instead, she only wrote that Mr. Walker was on Mr. Staughton's boat when he was injured in a "yacht incident." *Id.*

Mr. Walker also argues that the e-mail notifying Mr. Staughton's insurer that Mr. Skene was not accepting responsibility indicates that he blamed Mr. Staughton for his injuries. (Dkt. No. 23 at 8.) However, the e-mail only states that Mr. Skene is blaming Mr. Staughton. (Dkt. No. 20-11 at 1.) Ms. Blotnis does not state that her client agrees with Mr. Skene's opinion or believes that Mr. Staughton is liable. *Id.*

Finally, Mr. Walker cites *Beesley's Point Sea-Doo* to support the argument that a claimant does not need to directly blame the plaintiff in writing to satisfy the elements of the second test.[1] (Dkt. No. 23 at 7.) In that case, the claimant was injured during a collision while riding a jet ski rented from the plaintiff. *See* 956 F. Supp. 538, 541 (D. N.J. 1997). The court

---

[1] Mr. Walker also cites *In re Hawaiian Water Sports* but incorrectly states that the court applied the second test when it actually applied the first test. (*See* Dkt. No. 23 at 7–8 (citing 2008 WL 3065381, slip op. at 2–3 (D. Haw. 2008).)

found that a letter sent to the plaintiff provided sufficient notice when it stated that the claimant was being represented by counsel for his injuries and advised the plaintiff to immediately contact its insurance company or attorney. *Id*. But the same court heard another case where the claimant sent letters to the plaintiff's insurer requesting payment of first-party medical benefits which were due under the watercraft policy and distinguished the case from *Beesley*, holding that the letters did not provide sufficient notice because they were sent to the plaintiff's insurance provider and they did not indicate the claimant intended to look to the plaintiff for damages or that the plaintiff may be at fault for the accident. *In re Hartman* 2010 WL 1529488, slip op. at 2–3 (D. N.J. 2010).

The relevant communications here are similar to those in *Hartman*. Mr. Walker's attorney did not send any letters directly to Mr. Staughton. Instead she sent them to Mr. Staughton's insurance company for the purpose of collecting Med Pay benefits. (Dkt. No. 19 at 5–6.) Mr. Walker's attorney did not state that Mr. Staughton may be responsible for the accident in *any* of his communications. (Dkt. No. 19 at 5.)

Accordingly, the Court FINDS that Mr. Walker has not provided sufficient notice under the second test.

## III.     CONCLUSION

For the foregoing reasons, Claimant's motion to dismiss (Dkt. No. 11) is DENIED.

DATED this 7th day of May 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE